But for one exception, I concur in the main opinion. The exception is that I do not join in footnote one.
Since our opinion denies the petition for writ of mandamus filed by the defendant Mutual Savings, the party resisting discovery, our telling trial judges in general that "comprehensive protective orders," if due in the first place, could require that irrelevant and unnecessary information be redacted, is dictum. Worse, it is potentially problematic dictum.
In some cases, as in this one, the financial institution responding to the request for nonpublic personal information will be a party to the litigation. The case now before us serves as an example of what would happen if the dictum were implemented. The motion for a protective order filed by Mutual Savings in the trial court contended that all of the nonpublic personal information is irrelevant and immaterial. *Page 994 
If Mutual Savings was sincere and remains steadfast in that contention, Mutual Savings, logically, would redact all meaningful information from whatever material it produces. The trial judge then would need to order Mutual Savings to produce all of the material in its unredacted state for his examination in chambers. The trial judge would then need to spend an indefinite number of hours in chambers trying to determine for himself what is relevant, what is irrelevant, what is necessary, and what is unnecessary. The plaintiff would, of course, receive no opportunity to participate in the decisions on the individual redactions, even though the defendant would have exploited fully its opportunity to influence each decision by redacting each item of material in the first place.
In other cases, the financial institution responding to a request for nonpublic personal information may not be a party. Such a nonparty will not know and understand the issues in the case and therefore will not know what material, if any, is irrelevant or unnecessary unless that nonparty employs counsel to learn the case and to assist the nonparty in deciding what is or is not irrelevant or unnecessary. If the dictum were implemented, the expense would be considerable. Further, because most financial institutions will share similar interests in restricting the disclosure of the nonpublic personal information, the trial court would probably be relegated, once again, to the extravagantly time-consuming task of policing excessive redactions in camera, and the party seeking the discovery would be deprived of opportunity to participate in the process.
Redaction is, of course, one of a number of measures a trial court can apply to protect confidentiality when appropriate in discovery proceedings. On the other hand, any suggestion that redaction is, as a general rule, particularly appropriate in the sort of case now before us, is more likely to cause unfairness than to avoid it.